*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-10-0000245
01-MAY-2012
09:13 AM**

NO. SCWC-10-0000245

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

JAMES B. FLYNN, Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. CAAP-10-0000245; CASE NO. 1DTA-10-02865)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, Duffy, and McKenna, JJ.;
with Acoba, J., Concurring and Dissenting Separately)

Petitioner/Defendant-Appellant James B. Flynn (Flynn) seeks review of the Intermediate Court of Appeals' (ICA) October 26, 2011 judgment on appeal, which affirmed the district court of the first circuit's (district court) December 15, 2010 notice of entry of judgment.[1] The district court found Flynn guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawai'i Revised Statutes (HRS) §§ 291E-61(a)(1) and (a)(3) (Supp. 2009), as a first-time

---

[1] The Honorable Clyde Sumida presided.

offender under HRS § 291E-61(b)(1) (Supp. 2009).[2]  We accepted

_____

[2]
        At the time of the alleged offense, HRS § 291E-61 provided, in relevant part:

> (a)   A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
>> (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]
>>
>> . . .
>>
>> (3)   With .08 or more grams of alcohol per two hundred ten liters of breath[.]
>>
>> . . .
>
> (b)   A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced as follows without possibility of probation or suspension of sentence:
>
>> (1)   Except as provided in paragraph (2), for the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):
>>
>>> (A)   A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;
>>>
>>> (B)   Ninety-day prompt suspension of license and privilege to operate a vehicle during the suspension period, or the court may impose, in lieu of the ninety-day prompt suspension of license, a minimum thirty-day prompt suspension of license with absolute prohibition from operating a vehicle and, for the remainder of the ninety-day period, a restriction on a category (1), (2), or (3) license under section 286-102(b) that allows the person to drive for limited work-related purposes and to participate in substance abuse treatment programs;
>>>
>>> (C)   Any one or more of the following:
>>>
>>>> (i)   Seventy-two hours of community service work;

continue...

2

Flynn's application for writ of certiorari and now affirm the judgment of the ICA.

Flynn's questions presented summarily contend that the ICA erred in concluding that the State was not required to allege mens rea in his OVUII charge under both HRS §§ 291E-61(a)(1) and (a)(3). In State v. Nesmith, ___ Hawai'i ___, ___ P.3d ___ (2012), we held that an OVUII charge under HRS § 291E-61(a)(1) must allege mens rea in order to fully define the offense in unmistakable terms readily comprehensible to persons of common understanding and to inform the accused of the nature and cause of the accusation. In Nesmith, the State's failure to allege mens rea in the OVUII charge under HRS § 291E-61(a)(1) rendered the charge fatally defective. However, because both subsections (a)(1) and (a)(3) may serve as the basis for a conviction under HRS § 291E-61 and the State adequately alleged the charge of

---

² ...continue

         (ii)  Not less than forty-eight hours and not more than five days of imprisonment; or

         (iii) A fine of not less than $150 but not more than $1,000;

    (D)   A surcharge of $25 to be deposited into the neurotrauma special fund; and

    (E)   May be charged a surcharge of up to $25 to be deposited into the trauma system special fund if the court so orders[.]

HRS §§ 291E-61(a)(1), (a)(3), and (b)(1) (Supp. 2009).

OVUII under the alternative subsection (a)(3), we affirmed Nesmith's conviction.

The same holds true in the instant case. Here, following <u>Nesmith</u>, the ICA erred by concluding that mens rea need not be alleged in a HRS § 291E-61(a)(1) charge. Without such allegation, Flynn's HRS § 291E-61(a)(1) charge fails to fully define the OVUII offense in unmistakable terms readily comprehensible to persons of common understanding and is, therefore, fatally deficient. Flynn's OVUII conviction under the deficient (a)(1) charge cannot stand. However, insofar as Flynn's conviction under the alternative charge based upon subsection HRS § 291E-61(a)(3) is sufficient, and insofar as Flynn does not challenge the sufficiency of the evidence as to that basis, his OVUII conviction under subsection (a)(3) stands.

IT IS HEREBY ORDERED that the ICA's judgment is affirmed.

DATED: Honolulu, Hawai'i, May 1, 2012.

Timothy I. MacMaster
for petitioner/defendant-
appellant

Delanie D. Prescott-Tate,
Deputy Prosecuting
Attorney, for respondent/
plaintiff-appellee

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna



4